768 F.2d 81
 SOLOMON LIEBERMAN AND CHEVRA LOMDEI TORAH, a non profit
corporation of the State of New Jersey
v.
INTERSTATE FIRE & CASUALTY CO., a corporation of the State
of Illinois, Hershel Perlstein, and Joseph B. Rothenberg &
Son, Inc., a corporation of the State of New York and George
F. Brown, Inc., a corporation of the State of New Jersey.
Appeal of Solomon LIEBERMAN.
 No. 84-5831.
 United States Court of Appeals,
Third Circuit.
 Argued June 18, 1985.
Decided July 18, 1985.
 
 Clarkson S. Fisher, Jr. (argued), Evans, Koelzer, Osborne & Kreizman, Red Bank, N.J., for appellant.
 Mauro C. Casci (argued), Methfessel & Werbel, Rahway, N.J., for appellee--George F. Brown, Inc.
 Leonard Rosenstein (argued), Feuerstein, Sachs, Maitlin, Rosenstein & Fleming, West Orange, N.J., for appellee--Interstate Fire & Cas. Co.
 Before ALDISERT, Chief Judge, GIBBONS, Circuit Judge, and DIAMOND, District Judge.*
 OPINION OF THE COURT
 ALDISERT, Chief Judge.
 
 
 1
 This appeal in a diversity case, applying New Jersey law in a fire insurance claim, requires us to decide whether the district court properly invoked a twelve month limitation of action clause contained in the insurance policy. Specifically, we must determine whether uncontroverted evidence discloses when the mortgagee received notice that the mortgagor's previous claim for the insurance had been rejected by the company. The district court ruled in favor of the insurance company and the claimant has appealed. Because we hold that the court improperly decided a disputed issue of material fact relating to the date of notice, we vacate the judgment and remand the cause for further proceedings.
 
 I.
 
 2
 On February 7, 1977, I.G.W.T. Corporation, as mortgagor, executed a mortgage secured by property known as the "New Malibu Hotel" located in Lakewood, New Jersey. The original mortgagee, who is not involved here, later assigned his interest in the mortgage to appellant Lieberman. On July 8, 1978, Interstate Fire and Casualty, appellee, issued an insurance policy on the property, which named appellant as mortgagee. On July 27, 1978, the hotel was destroyed by fire. Subsequently, the mortgagor, I.G.W.T., made a claim for the insurance proceeds. Following rejection of the claim, I.G.W.T. sued Interstate to seek recovery under the policy. Interstate purportedly answered this claim, denying liability, on or about April 20, 1979. On June 21, 1982, a jury ruled that I.G.W.T. could not recover because I.G.W.T. had committed a fraud on Interstate by overstating its claim.
 
 
 3
 Prior to the jury's verdict, appellant Lieberman, the mortgagee, entered a suit on his own behalf on March 18, 1982, against Interstate to receive proceeds under the mortgagee clause of the same policy. The insurance policy, in full force and effect on the date of the fire, contained a provision that required that any action for a recovery on the policy be brought within twelve months after inception of the loss:
 
 
 4
 No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.
 
 
 5
 App. at 94.
 
 
 6
 Under New Jersey law, which applies here, the limitations period contained in the policy begins to run from the date of the loss, but is tolled from the time the insured gives notice of the loss until the time the company formally denies liability. Peloso v. Hartford Fire Insurance Co., 56 N.J. 514, 517, 267 A.2d 498, 501 (1970).
 
 
 7
 After considering various motions for dismissal and summary judgment, the district court held that Lieberman's claim was tardy and dismissed the case. It reached its conclusion by invoking the following analysis: Lieberman filed suit to recover under the policy on March 18, 1982; he had knowledge, due to Interstate's answer in the prior action, at least by April 20, 1979, that the mortgagor's claim had been rejected; thus, he filed suit almost 36 months after receiving notice of the rejection; therefore, his action is barred by the policy's twelve month limitation of action provision because he was not entitled to the benefit of the New Jersey tolling rule. Lieberman appeals and argues that the court erred in determining that he received notice by April 20, 1979. Our task is not difficult. We must examine the record to determine whether uncontroverted evidence supports the court's determination of notice.
 
 II.
 
 8
 The district court determined that "plaintiff Lieberman became aware, on or about April 20, 1979, that Interstate had denied the claim, but chose to sit on his rights until March 18, 1982. Lieberman's counsel in this case also represented I.G.W.T. on its prior claim and suit under this policy." App. at 21.
 
 
 9
 Lieberman contends that in dismissing the action, the court improperly decided a disputed question of material fact as to when he received the notice of Interstate's denial of the mortgagor's claim. Because the district court considered matters outside the pleadings in dismissing the action, the disposition is to be considered as by summary judgment. F.R.Civ.P. 12(c). On review, therefore, we must decide whether the district court properly "determin[ed] from its examination of the allegations in the pleadings and any other source available that no genuine issue as to a material fact remain[ed] for trial, and that the moving party is entitled to judgment as a matter of law." Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).
 
 III.
 
 10
 The precise time when Lieberman received this notice is a material fact because it is the basis for computing either the running or the tolling of the limitations clause. At oral argument counsel for Interstate conceded that at some point appellant was entitled to notice that the mortgagor's claim had been denied. Therefore, in order for the twelve month limitations period to apply to Lieberman as the mortgagee and to begin running in accordance with the teachings of Peloso, he must have received notice of the denial.
 
 
 11
 After examining this record, we conclude that the specific time when Lieberman received notice of the denial of the claim is unresolved. Under Rule 56, Federal Rules of Civil Procedure, the moving party has the "burden of showing the absence of a genuine issue as to any material fact...." Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). See also Gans v. Mundy, 762 F.2d 338 (3d Cir.1985). Here, the insurance company did not meet this burden. Interstate provided no support for its assertion that Lieberman received notice of the denial of the claim, other than Interstate's counsel's unsworn statement in a letter to the court asserting: "Counsel for I.G.W.T. Corp. in [the prior] action and for the plaintiffs when this action was commenced is one and the same, and accordingly it is contended that the plaintiffs in this case had notice of the formal denial given to their agent on or about April 20, 1979, or shortly thereafter." App. at 125-26. Such an unsworn, unsupported statement by counsel cannot be used to resolve an issue of fact. See Proctor v. Sagamore Big Game Club, 265 F.2d 196, 198-99 (3d Cir.), cert. denied, 361 U.S. 831, 80 S.Ct. 81, 4 L.Ed.2d 73 (1959). Equally important, to accept the letter's information at face value is still not sufficient, because the information only discloses that the attorney for I.G.W.T. in the prior action was also counsel for Leiberman "when this action was commenced," viz, March 18, 1982. The letter contains no express assertion that the attorney represented Lieberman prior thereto, let alone "on or about April 20, 1979, or shortly thereafter." More important, this court has previously explained that notice to an attorney is binding only upon a threshold demonstration that the notice "is acquired ... in the context of his or her representation" in the specific matter at issue. Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir.1985). The district court therefore erred in relying on the information set forth in the letter to establish when Lieberman received notice of the denial of the claim.
 
 
 12
 Similarly, Lieberman did not meet his burden of showing that no issue of material fact existed on the notice issue in his cross motion for summary judgment. He relies upon his affidavit stating that he was never given notice of the limitation clause itself, but does not indicate when he was notified that the mortgagor's claim had been denied. Therefore, he, too, did not offer proof of this material fact. Accordingly, he was not entitled to summary judgment on his cross-motion.
 
 IV.
 
 13
 Because when the contractual limitation period began running against appellant Lieberman is an issue yet to be resolved, the district court erred by dismissing this action on the basis of the policy's limitation clause. We will vacate the district court's judgment and remand the cause for further proceedings.
 
 
 
 *
 Honorable Gustave Diamond of the United States District Court for the Western District of Pennsylvania, sitting by designation